UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| BOARD OF TRUSTEES OF THE U.A. LOCAL NOS. 343 AND 355 DEFINED CONTRIBUTION PLAN, et al., <br><br>Plaintiffs, <br><br>v. <br><br>JAMES BRENEMAN, <br><br>Defendant. | Case No. 25-cv-03015-AMO (LB) <br><br>**ORDER FOR MORE INFORMATION** <br><br>Re: ECF No. 34 |

The court asks the plaintiffs to provide more information about their hourly rates and their contact with the defendant by November 10, 2025.

**1. Hourly Rate**

An award of reasonable attorney's fees is mandatory under 29 U.S.C. § 1132(g)(2). *Nw. Adm'rs, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996). To determine a reasonable fee award, courts apply the lodestar method and multiply the number of hours reasonably spent on the litigation by a reasonable hourly rate. *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 582 (9th Cir. 2010). The court needs more information about the hourly rate because the declaration cites only complex ERISA cases to support the hourly rates, not cases involving similar work.

A reasonable hourly rate is that prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The "community" is "the forum in which the district court sits," here, the Northern District of California. *Camacho*, 523 F.3d at 979. The fee applicant has the burden to produce satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with community rates for similar services by lawyers of reasonably comparable skill and reputation. *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987) (citing *Blum v. Stenson*, 465 U.S. 886, 895–97, 895 n.11 (1984)). Declarations by the plaintiffs' attorneys and other attorneys regarding prevailing rates in the community, and rate determinations in other cases, are satisfactory evidence of the prevailing market rate. *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1044 (9th Cir. 2016). The court must consider the declarations and cannot consider only earlier fee awards, even to the same attorneys. *Roberts v. City of Honolulu*, 938 F.3d 1020, 1024–25 (9th Cir. 2019).

The plaintiffs' declaration described the hourly rates and qualifications of attorneys Patricia McCormick ($850 and thirty-plus years of Taft-Hartley ERISA experience), Katherine McDonough ($750 and twenty-four years), Jessica Alvarez ($600 and five years), and Darelda Medina ($400 and two years), and paralegals Rochelle Carter, Jocelyn Pen, and Lorena Aleman ($258).[1] They compare their hourly rates to those that courts have awarded in other cases.[2] The court's knowledge about prevailing rates can support a conclusion that the rates are reasonable. *Hiken*, 836 F.3d at 1044. But the plaintiffs' cited cases do not involve default judgments for fringe-benefit contributions and instead involve more complex ERISA cases.

In similar ERISA fringe-benefits cases, courts typically award lower hourly rates, including — in recent cases — attorney hourly rates of $200 to $325 and paralegal rates of $125 to $190. *See, e.g.*, *Operating Eng'rs Health & Welfare Tr. Fund for N. Cal. v. Pipe-Net, Inc.*, No. 23-CV-06267-LB, 2024 WL 3390528, at *6 (N.D. Cal. June 14, 2024), *R. & R. adopted*, No. 23-CV-

---

[1] McDonough Decl. – ECF No. 34-1 at 3 (¶ 4), 4 (¶¶ 6, 8), 5 (¶ 11), 6–7 (¶¶ 12–15).

[2] Mot. – ECF No. 34 at 5 (citing cases, discussed below in this order).

1  06267-MMC, 2024 WL 3379683 (N.D. Cal. July 1, 2024) (attorney rate of $305 and paralegal rate

2  of $175 (collecting cases)); *Dist. Council 16 N. Cal. Health & Welfare Tr. Fund v. Herron*

3  *Painting Co.*, No. 23-CV-00458-TSH, 2025 WL 1533017, at *11 (N.D. Cal. May 29, 2025)

4  (attorney rates of $285 to $325 and paralegal rates of $165 to $185).

5      The plaintiffs cited other cases to support their rates. *Beryl v. Navient Corp.*, No. 20-CV-

6  05920-LB, 2023 WL 4570626, at *3–4 (N.D. Cal. July 13, 2023) ($1,200 hourly rate for attorney

7  with thirty-four years of experience); *Downes v. Unum Life Ins. Co. of Am.*, No. 23-CV-01643-RS,

8  2024 WL 4876940, at *1–2 (N.D. Cal. Nov. 22, 2024) ($900 hourly rate reasonable for partner

9  specializing in ERISA cases); *In re LinkedIn ERISA Litig.*, No. 5:20-CV-05704-EJD, 2023 WL

10 8631678, at *10 (N.D. Cal. Dec. 13, 2023) (hourly rates of $750 to $1,100 for partners, $375 to

11 $550 for associate attorneys, and $250 to $350 for paralegals). But all involved more complex

12 litigation and different expertise: *Beryl* involved an executive-compensation plan, *Downes*

13 involved long-term disability benefits, and *LinkedIn* was a class-action settlement of claims of

14 breach of fiduciary duties under ERISA regarding investment options in 401(k) plans. *Beryl*, 2023

15 WL 4570626, at *1; *Downes*, 2024 WL 4876940, at *1; *In re LinkedIn*, 2023 WL 8631678, at *1.

16     To identify any like cases in the district involving these lawyers, the court queried ECF, which

17 identified fifty-seven cases in this district (beginning in 2008) where Ms. McDonough has been

18 attorney of record. Most do not show fees (because they settled) or are not fringe-benefit cases. One

19 recent fringe-benefits case — with low fees of $13,448.90 — allowed a $650 hourly rate for Ms.

20 McDonough, $500 for Ms. Alvarez, and $225 for the paralegal. *Bd. of Trs. of W. States Insulators*

21 *& Allied Individual Acct. Plan v. A1 Insulation Mech.*, No. 24-CV-03921-JSC, 2025 WL 458249, at

22 *7 (N.D. Cal. Feb. 11, 2025). To support the result, it cited (but did not analyze) *In re LinkedIn*, the

23 class-action settlement regarding mismanagement of a 401(k) plan, and, for the paralegal rate, a

24 class-action settlement regarding mismanagement of a 401(k) plan. *Id.* (citing *In re LinkedIn*, 2023

25 WL 8631678, at *10; *Johnson v. Fujistsu Tech. & Bus. of Am., Inc.*, No. 16-CV-03698-NC, 2018

26 WL 2183253, at *7 (N.D. Cal. May 11, 2018) ($250 paralegal rate)). It did not address explicitly the

27 "similar work" requirement and thus does not necessarily support the rates here.

Because the moving party has the burden to provide satisfactory evidence — in addition to the attorney's own declaration, *see Jordan*, 815 F.2d at 1263 — that the rates are in line with community rates for similar work, the plaintiffs must submit information (in addition to their own declaration) to support their hourly rates as reasonable, such as a supplemental declaration from another attorney or citations to cases involving similar work. *See, e.g.*, *Cohodes v. U.S. DOJ*, No. 20-cv-04015-LB, 2025 WL 572888, at *11–13 (N.D. Cal. Jan. 24, 2025) (summarizing factors).

## 2. Contact with the Defendant

The plaintiffs also mention that they conferred with the defaulting defendant's counsel.[3] In the update, given that this is a default-judgment motion, the court asks for more information about contacts with the defendant or counsel.

## 3. Update

The update is due on November 10, 2025.

**IT IS SO ORDERED.**

Dated: November 4, 2025

_____
LAUREL BEELER
United States Magistrate Judge

---

[3] *Id.* at 2.